IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AARON HOFFMAN, <br><br>                    Plaintiff, <br><br>        v. <br><br> SARA LEE CORP., and SARA LEE CORP. EXECUTIVE PAY PLAN FOR KEY EMPLOYEES, <br><br>                    Defendants. | Case No. 11 C 3899 <br><br> Hon. Harry D. Leinenweber |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' joint Motion to Dismiss Plaintiff's Amended Complaint pursuant to FED. R. CIV. P. 12(b)(6) on two grounds: (1) that Count II does not state a proper claim for estoppel; and (2) that Sara Lee Corp. ("Sara Lee") is not a proper defendant. For the reasons stated herein, the motion is granted in part and denied in part. Count II is dismissed, but Sara Lee will remain a defendant in the case.

## I. BACKGROUND

Plaintiff Aaron Hoffman ("Hoffman"), a former executive at Sara Lee Corp., brought the instant claim under Section 502 of the Employment Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, alleging the company failed to pay him severance in violation of the law. Hoffman's suit names both Sara Lee and the

Sara Lee Corporation Executive Pay Plan for Key Employees. Defendants assert that the plan is misnamed in the Complaint, and that it is actually called the Sara Lee Corporation Severance Pay Plan for Key Employees ("the Plan").

The following facts are taken from Hoffman's Complaint, and the Court will accept them as true for the purposes of this motion. Additionally, the Court will consider the Plan documents and other exhibits attached to Hoffman's Complaint, which include his performance appraisal, correspondence between his attorney and Sara Lee, and correspondence between his attorney and the Sara Lee ERISA Appeal Committee. *See Centers v. Centennial Mortg., Inc.*, 398 F.3d 930, 933 (7th Cir. 2005); FED. R. CIV. P. 10(c)("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.").

Hoffman began working for Sara Lee in November 1999 as Director of Investor Relations. In 2001, he was promoted to the position of Vice President for Investor Relations, and reported directly to Sara Lee's Chief Financial Officer, Theo de Kool ("de Kool"). In 2009, de Kool left the company and Hoffman began reporting to Marcel Smits ("Smits"). Smits first served as the company's Chief Financial Officer and later became its Interim Chief Executive Officer.

During this time, Hoffman was considered a key executive and was entitled to the benefits of the Plan. Under paragraph 3 of the

Plan, an eligible employee is entitled to severance benefits if "at his employer's request, [he] agrees to voluntarily terminate his employment."

Hoffman alleges that on a number of occasions over an 18-month period, Smits advised him that it was Smits' intention to either divide Sara Lee into smaller companies or to sell the company, and that as a result Hoffman's position and possibly his entire department would be eliminated. Smits further told Hoffman that when the time came for Hoffman to leave the company, he would be entitled to a severance payment under the Plan, the Complaint alleges.

The first such conversation, according to the Complaint, happened in November 2009 while Hoffman and Smits were on a flight to Boston. The two worked on a valuation to determine what the price of the company's shares would be in a breakup or sale. They arrived at a price substantially higher than that at which the stock was trading at the time. Hoffman remarked that it would be great to see the price at that level, to which Smits replied that he didn't think Hoffman would like that because "[y]ou'll be out of a job. Hoffman responded that he would receive a severance payment, to which Smits replied, "That's true."

In the spring of 2010, Smits told Hoffman the details of the anticipated breakup of Sara Lee. Smits mentioned that the intent

- 3 -

was to reduce or eliminate the size of the Investor Relations Department if the breakup went forward.

On July 15, 2010, according to the Complaint, Smits gave Hoffman his annual performance review. He made positive comments about Hoffman's work, but told him it was time to leave Sara Lee. Hoffman asked if that meant he was being asked to leave the company. Smits replied that he was asking him to leave during fiscal year 2011. Hoffman said that he wanted to be clear that he would receive severance if he left the company, and Smits replied that he would. Hoffman's written performance review includes a statement by Smits that he and Hoffman had talked about how it would be in Hoffman's best interest to work toward attracting a "good outside offer" in fiscal year 2011.

Hoffman subsequently began looking for another job and found one at a lower rate of pay. On November 10, 2010, he informed Smits that he had found a new job. Sara Lee has subsequently refused to pay severance pursuant to the Plan.

Hoffman made an initial claim for benefits on December 28, 2010, which was denied. He then appealed to the Sara Lee ERISA Appeal Committee, which on April 19, 2011, issued its decision denying his claim and notifying Hoffman of his right to file the present lawsuit within 90 days.

Count I of Hoffman's Complaint alleges a violation of Section 502 of ERISA, while Count II alleges a federal common law claim for estoppel.

## II. **LEGAL STANDARD**

FED. R. CIV. P. 12(b)(6) allows for dismissal for failure to state a claim upon which relief can be granted. To survive a motion to dismiss, the Complaint must contain sufficient facts, accepted as true, "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). A claim is facially plausible when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court need not accept as true mere legal conclusions; rather the well-pleaded facts must state a plausible claim for relief for the complaint to survive. *Id.* at 1949-50.

## III. **ANALYSIS**

First, Defendants allege that Hoffman's allegations are insufficient to state a federal common law claim for estoppel. Next, Sara Lee contends that it must be dismissed from the case because the only proper defendant is the Plan. The Court turns first to the federal estoppel claim.

### A. Federal Estoppel Claim

Because ERISA requires that all modifications to benefit plans be in writing, and that only certain specified individuals have the authority to amend them, 29 U.S.C. §§ 1102(a)(1), (b)(3), the Seventh Circuit has circumscribed the scope of estoppel claims under the Act. *See Coker v. Trans World Airlines, Inc.*, 165 F.3d 579, 585 (7th Cir. 1999). However, such claims have been allowed to proceed against unfunded single-employer welfare benefit plans (the type of plan at issue here) under certain circumstances. *Black v. TIC Inv. Corp.*, 900 F.2d 112, 115 (7th Cir. 1990).

The Seventh Circuit allows estoppel claims in ERISA case as a matter of federal common law when the plaintiff can show: (1) a knowing misrepresentation; (2) made in writing; (3) with reasonable reliance on that misrepresentation by the plaintiff; (4) to his detriment. *Coker,* 165 F.3d at 585–86. Negligent misrepresentations are insufficient. *Id.* The Seventh Circuit has rejected claims "that bad advice delivered verbally entitles plan participants to whatever the oral statement promised, when written documents provide accurate information." *Frahm v. Equitable Life Assur. Soc. of U.S.*, 137 F.3d 955, 961 (7th Cir. 1998).

Here, Defendants argue that Hoffman's Complaint fails to allege a knowing misrepresentation by Smits, and point out that his alleged misrepresentations were not in writing. Hoffman acknowledges these deficiencies, but relies on an exception to

- 6 -

those requirements outlined in *Bowerman v. Wal-Mart Stores*, Inc., 226 F.3d 574 (7th Cir. 2000).

There, the court noted that estoppel principles may apply to oral misrepresentations about an ERISA plan when the plan itself is ambiguous.  *Id.* at 588.  Surveying decisions from other circuit courts of appeal, the court reasoned that allowing estoppel claims based on an authorized plan representative's oral interpretations of an ambiguous plan did not undermine the policies of ERISA.  *Id.* at 588 (citing *Kane v. Aetna Life Ins.*, 893 F.2d 1283 (11th Cir. 1990), and cases following it).

In *Bowerman*, the administrative employee who handled plan enrollments for the plaintiff's department at Wal-Mart told her that she did not need COBRA coverage.  *Id.* at 580.  In fact, the plaintiff, who had returned to Wal-Mart's employ after briefly taking another job, did need COBRA coverage in order to ensure that her pregnancy-related expenses would be covered.  *Id.* at 582-83. Because the plan did not clearly explain this, the court held that the plan was estopped from denying coverage.  *Id.* at 587-88.  In *Bowerman*, then, the Seventh Circuit permitted oral misrepresentations to be a basis for ERISA estoppel only if:  (1) the plan was ambiguous; and (2) an agent of the plan, or someone with apparent authority to interpret the plan, made the oral misrepresentations. *Id.* at 588.

- 7 -

Here, the Plan provision at issue, Section 3.1., provides that "A participant, who, at his employer's request, agrees to voluntarily terminate his employment with the employers . . . will be entitled to receive a benefit equal to the total of the amounts determined . . . below." Hoffman argues this provision is ambiguous because it does not clearly define what constitutes a resignation at the employer's request. If the plan documents were clear, he contends, he would not have repeatedly tried to confirm with Smits that he was entitled to a severance payment, Hoffman argues.

Here, the Complaint does not include an allegation either that the Plan was ambiguous or that Smits was authorized to interpret it. Hoffman argues in his Response to the Motion to Dismiss that it was reasonable for him to rely on the representations of the company's Chief Financial Officer. Even if Smits had authority to interpret the Plan, however, Hoffman's claim is doomed because the Plan itself is not ambiguous. There is no dispute that if Hoffman was asked to leave the company, then he is entitled to benefits. The issue here is whether Smits asked Hoffman to leave the company.

The Sara Lee ERISA Appeal Committee found that Hoffman was not asked to terminate his employment. It determined that while Smits advised Hoffman during his performance review that he should put himself in a position to attract an outside offer in the future, Smits did not ask Hoffman to leave, did not inform him that his

position was being eliminated, and did not tell him he was being fired.

Hoffman contends, in Count I of his Complaint, that this decision was arbitrary and capricious, and as such violated ERISA. *See Edwards v. Briggs & Stratton Ret. Plan*, 639 F.3d 355, 360 (7th Cir. 2011)(noting that where the plan gives the administrator discretionary authority to determine eligibility for benefits, the denial of benefits is reviewed under an arbitrary and capricious standard).  Hoffman contends that Sara Lee provided severance benefits to another employee who was asked to leave the company in the same manner as he and who was then given time to find a new position.  Hoffman argues that the appeals committee gave no explanation for the difference in treatment, and "Plaintiff's estoppel claim is a valid claim for relief based on the appeals committee's arbitrary and capricious finding against Plaintiff." Pl.'s Response to Defs.' Mot. to Dismiss, at 10.  One claim has nothing to do with the other, however.  Hoffman may have a valid claim under Count I, an issue which the Court will not prejudge, but he has not pled sufficient facts to show a plausible claim for relief for estoppel under the narrow circumstances in which such claims are allowed.  As such, Defendants' Motion to Dismiss Count II is granted.

### B. Whether Sara Lee is a Proper Defendant

Typically, in a suit for ERISA benefits, the plaintiff is limited to a suit against the plan itself, not the administrator. *Mote v. Aetna Life Ins. Co.*, 502 F.3d 601, 610 (7th Cir. 2007) (citing *Blickenstaff v. R.R. Donnelly & Sons Co. Short Term Disability Plan,* 378 F.3d 669, 674 (7th Cir.2004)). Relying on this rule, Sara Lee argues that it should be dismissed from Count I of the Complaint.

A claimant may sue a party other than the plan only in limited circumstances. *Zuckerman v. United of Omaha Life Ins. Co.,* No. 9 C 4819, 2010 WL 2927694, at *3 (N.D. Ill. July 21, 2010). For example, the Seventh Circuit has held that an employer that serves as the plan administrator is subject to suit where the plan documents refer to the employer and the plan interchangeably. *Riordan v. Commonwealth Edison Co.,* 128 F.3d 549, 551 (7th Cir. 1997). Similarly, an employer that serves as plan administrator is a proper defendant when the employer and the plan are closely intertwined. *Mein v. Carus Corp.,* 241 F.3d 581, 584-85 (7th Cir.2001).

Defendants contend that Sara Lee should be dismissed because there is no confusion as to the identity of the plan, while Hoffman argues that to do so would deny him the opportunity for complete relief.

Here, there is neither confusion as to the identity of the Plan, nor is there any allegation that the Plan documents interchangeably refer to Sara Lee and the Plan, as in *Riordan* and *Mein*. However, the Amended Complaint alleges that Sara Lee is the plan sponsor and plan administrator, and the Plan itself provides that the company has discretionary authority to interpret the Plan and determine the eligibility of employees. In addition, the Plan is funded solely out of Sara Lee's general assets.

The Court recognizes that this is a close question, and that the fact that Sara Lee has a role in administering the plan is not enough to justify a finding that it is closely intertwined with the Plan. *See Tatera v. Prudential Ins. Co. of America*, No. 11 C 2667, 2011 WL 3876954, at *2 (N.D. Ill. Sept. 1, 2011). However, given that the Plan is funded from Sara Lee's general assets, the Court finds that the exception applies in this case. *See Osborn v. Auburn Foundry, Inc.*, No. 03 CV 063, 2004 WL 2402836, at *4 n.5 (N.D. Ind. Aug. 11, 2004)(holding that an unfunded plan was closely interwined with the company that sponsored it because it had no funds with which to satisfy a judgment, and as such had to rely on the company's assets).

Sara Lee relies on *Hakin v. Accenture U.S. Pension Plan*, 735 F.Supp.2d 939, 949 (N.D. Ill. 2010), in which the court held that an employer was improperly named as a defendant in a suit for ERISA benefits because there was no confusion over the identity of the

plan and it was not necessary to keep the employer in the case to secure complete relief for the plaintiff. But in *Hakim*, the plan was funded not from the employer's assets but from a separate trust. *Id.* As such, that case is distinguishable, and Sara Lee's motion to dismiss on the grounds that it is an improper defendant is denied.

## IV. CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss is granted in part and denied in part. Count II, alleging federal estoppel, is dismissed, but Defendant Sara Lee Corp. will remain as a Defendant in the case.

**IT IS SO ORDERED.**

                                                                        *[signature]*
                                                                        Harry D. Leinenweber, Judge
                                                                        United States District Court

**DATE:** 10/13/2011